Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Young B. Kim | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 300 | **DATE** | November 10, 2010 |
| **CASE TITLE** | Woods v. Wickes Furniture Co., Inc. et al | | |

**DOCKET ENTRY TEXT**

On October 22, 2010, Plaintiff filed the following motions: (1) motion to initiate discovery [86]; (2) motion to exclude witnesses from the courtroom [87]; (3) motion to disqualify opposing counsel [88]; (4) motion to add opposing counsel as a party defendant [89]; and (5) motion for summary judgment [90]. Then on November 1, 2010, Plaintiff noticed the five motions previously filed for December 14, 2010. This notice was docketed as a separate motion [91]. For the reasons contained herein motions [86] and [90] are denied without prejudice, motion [87] is granted and motions [88] and [89] are denied. To the extent that Plaintiff's notice has been docketed as a separate motion, motion [91] is denied as moot. Plaintiff is reminded that her response to Defendants' motion to enforce settlement agreement is due on or before November 19, 2010. Parties need not appear in court on December 14, 2010. The status hearing scheduled for December 14, 2010, is stricken. The court will set a new status hearing after ruling on Defendants' motion to enforce the settlement agreement. A copy of this order is mailed to Plaintiff Woods at P.O. Box 1025, North Chicago, IL 60064.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

1. <u>Motion to Initiate Discovery</u>: The motion is denied without prejudice. Because Defendants are seeking to have a settlement agreement enforced and because a ruling in favor of Defendants would terminate this matter, the court will rule on the enforcement motion first. If the court denies the motion to enforce, the court will issue a discovery schedule for conducting both written (written interrogatories and requests to produce documents) and oral discovery (depositions).

2. <u>Motion to Exclude Witnesses</u>: The motion is granted. Pursuant to Federal Rule of Evidence 615, the court must exclude witnesses so that they may not hear the court testimony of other witnesses and also require them not to share their in-court testimony with other witnesses. If and when this case proceeds to a trial, all witnesses, except those identified in Rule 615, will be excluded from the courtroom during trial and will not be permitted to share their testimony with other witnesses.

3. <u>Motion to Disqualify Opposing Counsel</u>: The motion is denied. Aside from Plaintiff's conclusory accusations that Defendants' counsel engaged in "wrongdoings" and "subverted justice," the motion fails to provide any factual or legal basis for removing Defendants' counsel from this case.

4. <u>Motion to Add a Defendant</u>: The motion is denied. Plaintiff seeks to add Defendants' counsel as a party defendant in this case pursuant to Federal Rule of Civil Procedure 19(a). Based on the information contained in Plaintiff's motion, the motion has to be denied as Defendants' counsel is not a required party to this employment discrimination lawsuit.

| STATEMENT |
|---|

5. <u>Motion for Summary Judgment</u>: The motion is denied without prejudice. This motion is treated as a motion for a default judgment against defendant John Disa because Plaintiff argues that judgment should be entered in her favor and against Disa based on his failure to file an answer to her complaint. Plaintiff is correct that the U.S. Marshals executed service of summons on Disa on September 22, 2009 (R. 39), in Florida and that he has not yet filed an answer to the complaint. However, a default judgment in this case is not appropriate as the parties were in negotiation to settle this matter for several months and on June 24, 2010, the parties reported that they had reached an agreement. Not until October 15, 2010, did Plaintiff report that she no longer wished to execute the written settlement agreement. In addition, Defendants have filed a motion to enforce the settlement agreement to which Disa is a signatory. Under these circumstances, the motion is denied without prejudice. If the court denies the motion to enforce the settlement agreement, the court will order the defendants who have been served to file an answer or otherwise plead to Plaintiff's amended complaint, filed on September 30, 2009.